# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BRIAN M. CASEY,**
**# 139647,**

      **Plaintiff,**

**vs.**                       **Case No. 4:19cv490-MW-CAS**

**MARK INCH, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, is a prisoner confined in the Florida Department of Corrections and currently housed at Suwannee Correctional Institution in Live Oak, Florida.  Plaintiff submitted an in forma pauperis motion, ECF No. 2, which acknowledges that Plaintiff is subject to the "three strikes" rule of 28 U.S.C. § 1915(g).  Thus, Plaintiff's civil rights complaint, ECF No. 1, has been reviewed to determine if Plaintiff's motion for in forma pauperis status, ECF No. 2, should be granted.

Although Plaintiff is unable to list all of his prior lawsuits "because prison officials lost all" of his legal property, *see* ECF No. 1 at 4, judicial

notice is taken that Plaintiff has filed nearly fifty civil cases in federal district courts since 2009.  At present, only two other cases are currently pending, and all of Plaintiff's cases were dismissed within a few months of filing.  It is unnecessary to list all of Plaintiff's prior cases, and sufficient to note that Plaintiff has been barred from proceeding with in forma pauperis status because of the "three strikes" provision of § 1915(g).  *See* case # 2:17cv14054-RLR, filed in the Southern District of Florida; case # 2:15cv0756-JES-MRM and case # 2:11cv0580-JES-SPC, both of which were filed in the Middle District of Florida.  Plaintiff has had at least three cases dismissed as frivolous or for failing to state a claim.  Additionally, Plaintiff has previously been denied leave to proceed in forma pauperis in this Court because he has more than three "strikes" under 28 U.S.C. § 1915(g).  See case # 4:14cv151-MW/CAS.

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger
of serious physical injury.

28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not proceed in this case

with in forma pauperis status unless his complaint alleges sufficient facts

showing Plaintiff "is under imminent danger of serious physical injury."

First, Plaintiff has not shown imminent danger because he is not

physically located with any named Defendant.  Plaintiff is housed at

Suwannee Correctional Institution and two of the named Defendants are

located at Jefferson Correctional Institution, ECF No. 1 at 2, while the

remaining four Defendants are employed at the Department's Central

Office.  *Id.* at 2, 7.  None of the Defendants are alleged to have threatened

Plaintiff or harmed him in any way.  Indeed, the only involvement alleged

between Plaintiff and the Defendants is that some of the Defendants

denied Plaintiff's grievances or grievance appeal.  *Id.* at 9-11.  Plaintiff has

not shown that he is at risk of serious physical injury from any named

Defendant.

Second, Plaintiff has not provided a clear statement of facts which

reveal he faces imminent danger of serious physical injury.  Plaintiff

indicates he is at risk of attach from a "special threat group" and has

requested protective custody.  ECF No. 1 at 8.  Plaintiff makes an

unsupported allegation that the Department "will not provide" him with a

safe environment, *id*. at 8, but he also notes that a grievance appeal

concerning his safety was "denied" because Plaintiff was being transferred

which would "resolve the issues."  ECF No. 1 at 9, 10.  Plaintiff also notes

that he had previously been placed in protective custody, but on two

separate occasions that status was revoked and he was transferred into

open population.  *Id.* at 11.  Thus, Plaintiff's allegations are not consistent,

and are not clear in revealing that Plaintiff is currently facing a threat of

harm.

Additionally, any challenge to denials of protective custody must be

directed to the officials responsible for making those determinations.

Prison officials who respond to grievances are not proper persons to name

as Defendants because there are many reasons grievances are denied.

The denial of a grievance, in and of itself, is an insufficient basis to name a

prison official as a Defendant in a civil rights action.  Such a claim does not

show that Plaintiff's constitutional rights have been violated.

Because Plaintiff has had three prior cases dismissed on the grounds

that they were frivolous, malicious, or failed to state a claim and his

complaint, ECF No. 1, is insufficient to demonstrate that Plaintiff faces imminent danger of serious physical injury, Plaintiff is not entitled to in forma pauperis status.  28 U.S.C. § 1915(g).  Plaintiff's in forma pauperis motion, ECF No. 2, should be denied and this case dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other motions, ECF Nos. 3 and 4, be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee.  It is further **RECOMMENDED** that the Order adopting this Report and

Case No. 4:19cv490-MW/CAS

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2019.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**